___



SO ORDERED,

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The docket reflects the date entered.

___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| **SAMANTHA L. JEFFRIES,** | ) | Case No.: | 19-12825-JDW |
| | ) | | |
| Debtor. | ) | Chapter 7 |
| | ) | | |

## ORDER TO SHOW CAUSE

On October 18, 2019, a *Reaffirmation Agreement Between Debtor and Lakeview Loan Servicing, LLC* (the "Reaffirmation Agreement") (Dkt. # 21) was filed by Lakeview Loan Servicing, LLC (the "Creditor"). The Reaffirmation Agreement is due to be approved without a hearing, except for issues related to an "Attorney's Fee" of $125.00 added to the reaffirmed debt.

There is no indication in the Reaffirmation Agreement what work was performed that would warrant an award of fees. As the term "Reaffirmation" implies, the debt amount, interest rate, and other terms appear to be exactly the same in the agreement as before the bankruptcy. Attorney fee approval requires disclosure of the attorney and evidence of the work performed to earn the fee as well as the reasonableness of that fee. *See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). Further inquiry is necessary. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the Creditor is ordered to appear on **December 17, 2019 at 10:30 a.m.** at the **Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655,** to show cause why the attorney's fee should not be disallowed. If the Creditor fails to appear, the Reaffirmation Agreement may be approved but the fee disallowed.

##END OF ORDER##